## WILSON *v.* ROURKE.

GILBERT, J. 1. The trial court, in such cases as this, has a large discretion which will not be controlled unless abused. We can not say that there was any abuse of discretion in this case.

2. The petition was not subject to general demurrer, nor was it error to allow the amendments thereto.

*Judgment affirmed. All the Justices concur.*

No. 6472. MAY 18, 1928.

Habeas corpus. Before Judge Meldrim. Chatham superior court. January 28, 1928.

In the year 1919 John J. O'Neill Sr. brought habeas corpus against Mrs. Johanna Rourke, for the possession of his son, John J. O'Neill Jr., then about 5 years old. The defendant is the maternal grandmother of the child. The judgment was in favor of the father, and was affirmed by this court. *Rourke* v. *O'Neill,* 150 *Ga.* 282 (103 S. E. 428). As a part of the decree it was provided as follows: "If there is any change in the circumstances which show that the welfare of the child will not be safeguarded under the father's control, the judgment now rendered will not prevent the respondent from making an application for the custody of the child." Subsequently the father died, leaving a will in which his niece, Mrs. Katherine Wilson, was named as testamentary guardian of the person and property of the minor son. Since the probate of the will the guardian has had custody and control of the minor. In January, 1928, Mrs. Rourke filed a petition against Mrs. Wilson as guardian, setting forth allegations based upon the original proceeding and decree rendered therein. As amended her petition alleges that circumstances have changed as to the welfare of the child, now about 14 years old, and that it is best for the moral and educational welfare of the child that he be sent to some reputable boys' school away from Savannah, to be approved by the court. This petition prayed for a decree compelling the guardian to "comply with the second paragraph of the original decree in said habeas-corpus proceeding," that the boy's visits to petitioner be not interfered with by said guardian, and for such decree otherwise as the court thought fit. The case was heard on affidavits of both parties. The court rendered the following opinion and judgment:

"I have reached the following conclusion in this case: 1. That whenever the welfare of the ward, who is in custodia legis, requires action by the court, appropriate action may be taken by the court

and such action will be binding on the guardian. 2. That the state of feeling between the parties is not conductive to the welfare of the child. It is unnecessary to set forth the evidence. Reference to it will show the correctness of this conclusion. 3. That the ward is a normal, average American boy, in his fourteenth year, with the misfortune of having a fortune of some $300,000 and an income of, say $15,000 to $18,000 per annum. 4. That he is now at an excellent day school in this city from 9 a. m. to 2 p. m., but when out of school is without restraint except such as his guardian may exercise over him. 5. That he is now at that age, or soon will reach it, when mentally, morally, and physiologically he will require wise counsel and strong control. With all respect to the guardian, I doubt if she can give that counsel and exercise that control. 6. That he should be sent to some excellent boarding school for boys of his age, removed from present conditions, and where he may have the advantages to which he is entitled and be so counseled and controlled as to promote his welfare. Therefore it is considered and ordered that on or before the fourteenth birthday of the ward, August 3, 1928, the guardian shall select a suitable school, subject to the approval of the court, to which the ward shall be sent at the beginning of the school year. On failure of the guardian to select the school as herein ordered, the court will do so. The school selected shall not be changed without the approval of the court, and the attendance by the ward in the school shall be compulsory unless for good cause shown to the court to the contrary. Nothing in this order shall be construed to control the discretion and action of the guardian, except as herein provided. This cause is retained for such further judgment or decree as may be deemed meet and proper."

To this judgment the guardian excepted. She also excepted to the overruling of her general demurrer to the petition; and to the allowance, over her objection, of two amendments to the petition by which it was sought to secure an order requiring the minor to be sent to a school away from the City of Savannah.

*George H. Richter,* for plaintiff in error.  *Shelby Myrick,* contra.